UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KYLE ANDREW EVERHART,<br><br>Defendant. | CR13-5512 BHS<br>CASE NO. CR14-5275 BHS<br><br>ORDER GRANTING THE GOVERNMENT'S MOTION TO CONSOLIDATE |

This matter comes before the Court on the Government's motion to consolidate indictments for trial (Dkt. 16). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On August 28, 2013, the Government filed an indictment against Tremain Chalmers charging her with two counts of distribution of oxycodone, one count of possession of cocaine with intent to distribute, and one count of possession of MDMA with intent to distribute. Cause No. CR13-5512BHS, Dkt. 15. On April 9, 2014, the

1  Government filed a superseding indictment against Ms. Chalmers and Kyle Everhart

2  charging Ms. Chalmers with two counts of distribution of oxycodone and both

3  Defendants with conspiracy to distribute controlled substances, possession of cocaine

4  with intent to distribute, and possession of MDMA with intent to distribute. *Id*., Dkt. 28.

5      On June 18, 2014, the Government filed an indictment in this case against Mr.

6  Everhart charging him with possession of MDMA with intent to distribute. Dkt. 1.

7      On June 24, 2014, the Court granted the Government's unopposed motion to

8  dismiss the superceding indictment against Everhart. Cause No. CR13-5512BHS, Dkt.

9  55.

10      On July 24, 2014, the Government filed a motion to consolidate the two cases for

11  trial. Dkt. 16. On July 31, 2014, Everhart responded. Dkt. 18. On August 1, 2014, the

12  Government replied. Dkt. 19.

13                          **II. FACTUAL BACKGROUND**

14      For the purposes of this motion, the facts are undisputed and set forth in the

15  Government's opening brief. Dkt. 16.

16                              **III. DISCUSSION**

17      The court may order that separate cases be tried together as though brought in a

18  single indictment or information if all offenses and all defendants could have been joined

19  in a single indictment or information. Fed. R. Crim. P. 13. "Joinder is favored in federal

20  criminal cases largely for reasons of judicial economy and efficiency, despite some

21  degree of bias inherent in joint trials." *United States v. Tootick*, 952 F.2d 1078, 1080 (9th

22  Cir. 1991).

1    In this case, Everhart argues that consolidation is inappropriate for three reasons.
2 First, Everhart argues that consolidation would violate his right to confrontation. Dkt. 18
3 at 2. Everhart, however, provides no support for the assertion that Chalmers would
4 provide exculpatory evidence in his case. "'The unsupported possibility that such
5 testimony might be forthcoming does not make the denial of a motion for severance
6 erroneous.'" *United States v. Bumatay*, 480 F.2d 1012, 1013 (9th Cir. 1973) (quoting
7 *United States v. Kahn*, 381 F.2d 824, 841 (7th Cir. 1967)). Moreover, if substantial
8 prejudice becomes apparent before, or even during trial, Everhart may seek severance at
9 that time. At this time, however, Everhart has failed to show that his right to confront
10 will be violated.

11   Second, Everhart argues that his defense is antagonistic to Chalmers' defense.
12 Dkt. 18 at 3. Everhart's argument is without merit because he alone was arrested on
13 April 22, 2014 with approximately 6,000 MDMA pills in his possession. Chalmers does
14 not need to have a defense to this charge, and, therefore, Everhart's defense is not
15 antagonistic to any other defense.

16   Finally, Everhart argues that consolidation would violate his right to compulsory
17 process. Everhart fails to cite a case in support of this proposition and fails to persuade
18 the Court that such a violation is so prejudicial that the Government's motion should be
19 denied.

20                            **IV. ORDER**

21   Therefore, it is hereby **ORDERED** that the Government's motion to consolidate
22 indictments for trial (Dkt. 16) is **GRANTED**. The Clerk shall close this case and all

1 | further filings shall be made in CR13-5512BHS.  The Clerk shall also transfer the

2 | pending motion to suppress to the other docket.

3 |      Dated this 13th day of August, 2014.

*signature*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4